IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES M. VARDON,

        Plaintiff,

v.                          CIVIL ACTION NO.  2:11-cv-00399

STATE OF WEST VIRGINIA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss [Docket 6] and Motion for Summary Judgment [Docket 10].  For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment [Docket 10], **ORDERS** that judgment be entered in favor of the Defendant, and **DENIES AS MOOT** Defendant's Motion to Dismiss [Docket 6].

*I. BACKGROUND*

On June 6, 2011, Plaintiff, James M. Vardon, filed a Complaint against Defendant, State of West Virginia (Consolidated Public Retirement Board), alleging that his "pension rights" were violated. (Docket 2.)   Pursuant to the Court's September 2, 2010, Standing Order, this matter was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and recommendations for disposition (PF&R).  On June 27, 2011, Defendant filed its Motion to Dismiss [Docket 6] and a supporting memorandum (Docket 7).

In response to Magistrate Judge Stanley's June 28, 2011, Order (Docket 8), Plaintiff, on July 11, 2011, filed a document that is styled as both an Amended Complaint as well as a Response to Defendant's Motion to Dismiss. (Docket 9.) In this filing, Plaintiff alleged that in 1980 he began work for the Mid-Ohio Valley Regional Planning Council. *Id.* Plaintiff then alleged that "after working there a number of years + having money taken involuntarily out of my paycheck, supposedly for the pension fund, I left for another job." *Id.* Plaintiff stated that "about 15 years ago" he wrote to the Defendant requesting a "retirement booklet" and received no answer. *Id.* Plaintiff then wrote the Defendant a second time and this time Defendant allegedly responded with a threatening letter. *Id.* Plaintiff further alleged that in 2009, the year of his sixty-second birthday, he became eligible for a $1,500 monthly pension from Defendant. *Id.*

On July 22, 2011, Defendant replied [Docket 10] to Plaintiff's Response to the Motion to Dismiss. By Order and Notice dated July 26, 2011, Magistrate Judge Stanley construed Defendant's Reply as a Motion for Summary Judgment and ordered Plaintiff to respond. (Docket 12.) In this Order and Notice, Magistrate Stanley advised Plaintiff

> that he has the right and an obligation to file one or more responses to the defendant's reply, submitting affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case. In his particular case, appropriate materials to provide to the court may include earnings statements detailing his pension contributions, his notice of separation from the employer in question, or other such documentation.
>
> The plaintiff is advised that factual statements in the affidavit submitted by the defendant will be accepted as true unless the plaintiff sets forth facts in this response indicating the existence of a genuine or actual dispute of material fact for trial. In the response, the plaintiff must set out either in his own affidavit or sworn statement, or the affidavits or sworn statements of other witnesses, specific facts that show that he and the defendant actually disagree about one or more important facts present in this case. In the affidavits and exhibits, the plaintiff should address, as clearly as possible, the issues and facts stated in the Complaint and in the affidavits

>   or other evidence submitted by the defendant. The defendant is also advised that a
>   failure to respond to the motions may result in entry of summary judgment denying
>   the relief sought in the Complaint and dismissing the suit. In preparing his responses,
>   the plaintiff should be aware of the fact that a knowing assertion of a falsehood in
>   order to avoid dismissal could, if proven, constitute perjury punishable by law.

(Docket 12.)

On August 5, 2011, Plaintiff filed his Response to the Motion for Summary Judgment as directed, but supplied no evidence to support the unsworn assertions contained in his Response. (Docket 13.) On September 29, 2011, Magistrate Judge Stanley filed her PR&R recommending that the Court grant Defendant's Motion to Dismiss or, alternatively, its Motion for Summary Judgment. (Docket 14.)

On October 17, 2011, Plaintiff filed a Memorandum, which the Court construes as both an additional Response to Defendant's Motion to Dismiss and as Plaintiff's objections to the PF&R. (Docket 15.) The tone and character of Plaintiff's assertions in this filing are similar to those contained in his August 5, 2011, Response. *Id.* With two exceptions, Plaintiff's objections to the PF&R do not challenge any specific factual findings of the PF&R. *Id.* Plaintiff's first specific challenge relates to page four of the PF&R. *Id.* Plaintiff states that he does not "believe I was given a choise (sic) to stay or leave [his employment at the Mid-Ohio Valley Regional Planning Council]. Just a small check + no explanation." *Id.* His second specific challenge relates to page five of the PF&R. *Id.* Here, Plaintiff states that "in 1981 military time could be used + you could always 'buy back' into the system." *Id.* In addition to these two factual challenges, Plaintiff also asserts that he "<u>never</u> received" Magistrate Judge Stanley's July 26, 2011, Order and Notice advising him to provide earning statements. *Id.* Plaintiff suggests that Judge Stanley "must have me mixed up with another case she is trying to dismiss + deny some one (sic) else thier (sic) right to [a] jury trial (8th

3

Amendment)." *Id*. Plaintiff asks the Court to dismiss Defendant's Motion to Dismiss and set a date for a jury trial. *Id.*

With the issues being fully briefed, this matter is now ripe for review.

*II. LEGAL STANDARDS*

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). On October 17, 2011, Plaintiff filed timely objections to the PF&R (Docket 15) preserving his right to de novo review.

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If factual issues exist that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. *Celotex*

*Corp.*, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." *Temkin v. Frederick Cty Comm'rs*, 945 F.2d 716 (4th Cir.1991). When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir. 1990). The non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. Hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir.1995).

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56, advisory committee notes, 1963 Amendment, Subdivision (e). In order to properly assess "proof" the party resisting a summary judgment motion must support his factual assertions by: 1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or 2) showing that the materials cited establish the presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support proffered facts. *See* Fed.R.Civ.P. 56(c)(1)(A–B). Where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Fed.R.Civ.P. 56(c), the Court may, *inter alia,* consider any unsupported or unaddressed facts

undisputed and grant summary judgment if the summary judgment motion, its supporting materials, and the undisputed facts show the movant is entitled to relief. *See* Fed.R.Civ.P. 56(e).

## III . DISCUSSION

Because Defendant's Reply [Docket 10] to Plaintiff's Response (Docket 9) to Defendant's Motion to Dismiss [Docket 6] contained a supporting affidavit, Magistrate Judge Stanley correctly construed the Reply as a Motion for Summary Judgment. *See* Fed.R.Civ. P. 12(d).

In support of its Motion for Summary Judgment, Defendant tendered an affidavit of its Acting Executive Director and records custodian, Terasa L. Miller. (Docket 10-1.) Ms. Miller states that: 1) Plaintiff was a member of the Public Employees Retirement System (PERS) for approximately nine months—from September 1980 through May 1981; 2) in July 1981, Plaintiff, at his request, received a refund of his employee contributions in the amount of $653.52; 3) Plaintiff's employee contribution request terminated his participation in the PERS; and 4) no "documentation or other evidence" exists that would indicate that Plaintiff "is entitled to a pension or other benefit from [PERS] or any other retirement plan administrated by the West Virginia Consolidated Public Retirement Board." (*Id.*)

Notwithstanding the explicit advice given by Magistrate Judge Stanley in her July 26, 2011, Order and Notice, Plaintiff offered no affidavits or other sworn evidentiary materials in his August 5, 2011, Response in support of his claims. (Docket 13.) Nor did Plaintiff—who appears familiar with the Federal Rules of Civil Procedure as evidenced by his several references to specific procedural rules—seek to avoid a grant of summary judgment in Defendant's favor by providing a Fed.R.Civ.P. 56(d) affidavit or sworn declaration demonstrating that essential facts justifying opposition to the summary judgment motion are unavailable to him. *Id.* Rather, on August 5, 2011,

6

Plaintiff filed a three-page Response with no exhibits or sworn statements. (Docket 13.) The first two-and-a-half pages of this Response contain an unhelpful critique of the state's retirement system and the Court's procedural rulings. *Id.* The last paragraph of the Response contains a claim that the Defendant's characterization of Plaintiff's allegations as "delusional" and "irrational" was intended by the Defendant to prejudice the Court against Plaintiff. *Id.* He then states "I have been advised by libel attorneys that I have grounds for a law suit if my case is decided unfavorabely (sic)." *Id.*

In her PF&R, Magistrate Judge Stanley recommended that the Court grant Defendant's Motion for Summary Judgment because Plaintiff failed to refute Ms. Miller's statements with affidavits, sworn statements, exhibits or other evidence to support his claims. Judge Stanley further found that Defendant was entitled to summary judgment where, based on Ms. Miller's unrefuted affidavit, Plaintiff's employment with the Mid-Ohio Valley Regional Planning Commission "fell far short of the five year statutory requirement," and, thus, Plaintiff was not eligible as a matter of law for retirement benefits under the PERS. (Docket 14.)

Plaintiff's two factual objections to the PF&R lack merit. Plaintiff, as advised by Judge Stanley, was given an opportunity to present legally sufficient evidence refuting Ms. Miller's statements, but Plaintiff ignored Judge Stanley's advice. (Docket 13.) Plaintiff claims in his Amended Complaint (Docket 9) that he received a threatening letter from Defendant, but Plaintiff chose not to tender such salient evidence as an exhibit to his August 5, 2011, Response (Docket 13). More importantly, Plaintiff could have easily submitted an affidavit or sworn statement averring that he was a employed with the Mid-Ohio Valley Regional Planning Council for a "number of years" (as he claims in his Amended Complaint), but he did not. *Id.* Indeed, in his August 5, 2011, Response he says *nothing* to refute Defendant's evidence that he did not work for the Mid-Ohio

7

Valley Regional Planning Council for a full year. *Id.* Plaintiff's failure to address with competent evidence such a simple and critical fact has legal consequences, and his failure to even mention or argue the point in his unsworn Response is particularly telling.

As for Plaintiff's assertion that he "never received" Judge Stanley's July 26, 2011, Order and Notice, that claim is patently false. In Judge Stanley's Order and Notice, she, among other things, advised Plaintiff to provide the Court with appropriate materials such as earnings statements to support his claims. (Docket 12, p. 2.) On August 5, 2011, Plaintiff filed his handwritten Response to Judge Stanley's Order and Notice, which he self-styled "Response to Order and Notice of July 26, 2011." (Docket 13.) Thus, Plaintiff's objection to the PF&R that he "never received" an order suggesting he provide earnings statements is meritless.

Under these circumstances, Magistrate Judge Stanley correctly determined that Plaintiff failed to refute the statements contained in Ms. Miller's affidavit. Ms. Miller's evidence shows that: 1) Plaintiff participated in the PERS from September 1980 through May 1981; 2) Plaintiff requested and received a refund of his employee contributions to his retirement fund in the amount of $653.52; 3) this withdrawal of his retirement monies terminated Plaintiff's membership in the PERS; and 4) Ms. Miller found no evidence that Plaintiff was entitled to any pension or benefit from the PERS or retirement plan administered by the West Virginia Consolidated Public Retirement Board. (Docket 10-1.)

West Virginia Code § 5-10-20 provides:

**Article 10. West Virginia Public Employees Retirement Act**
**§ 5-10-20. Voluntary retirement**

Any member who has attained or attains age sixty years and has five or more years of credited service in force, at least one year of which he was a contributing member

of the retirement system, may retire upon his written application filed with the board of trustees setting forth at what time, not less than thirty days nor more than ninety days subsequent to the execution and filing thereof he desires to be retired: Provided, That on and after the first day of June, one thousand nine hundred eighty-six, any person who becomes a new member of this retirement system shall, in qualifying for retirement hereunder, have five or more years of service, all of which years shall be actual, contributory ones. Upon retirement, the member shall receive an annuity provided for in section twenty-two of this article.

Based upon Ms. Miller's unrefuted affidavit it is undisputed that Plaintiff participated in the PERS for a nine month period and, thus, is not entitled to retirement benefits under law because he does not have "five or more years of credited service in force, at least one year of which he was a contributing member of the retirement system." *Id.* As such, there is no genuine issue of material fact to support Plaintiff's claim that his "pension rights" were violated. (Docket 2.)

Accordingly, the Court the Court **GRANTS** Defendant's Motion for Summary Judgment [Docket 10], **ORDERS** that judgment be entered in favor of the Defendant, **DENIES AS MOOT** Defendant's Motion to Dismiss [Docket 6], and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 2, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

9